## SMITH *v.* THE STATE.

Where an indictment charged the defendant and others with the offense of murder for that they "unlawfully, feloniously, wilfully, and of their malice aforethought, did kill and murder by shooting [a named person] with certain guns and pistols which the said [defendants] then and there held, and giving [the person named] then and there a mortal wound,

of which mortal wound the said [named person] then and there died," this was sufficient to furnish a basis for a conviction of assault with intent to murder against one of the defendants; and a motion in arrest of judgment, on the ground that under such indictment a verdict of guilty of assault with intent to murder can not be sustained, was properly overruled.

Argued October 15,—Decided November 7, 1906.

Indictment for assault with intent to murder. Before Judge Martin. Pulaski superior court. June 21, 1906.

*Fort & Grice,* for plaintiff in error.

*E. D. Graham, solicitor-general,* contra.

LUMPKIN, J. The defendant was indicted for murder and convicted of assault with intent to murder. It was not contended that the indictment did not sufficiently charge the offense of murder, but a motion in arrest of judgment was made on two grounds: (1) because no assault was alleged; (2) the indictment did not sufficiently allege an intent to kill.

It is unnecessary to discuss the first contention further than to mention that the indictment accused the defendant and others of killing and murdering the deceased by shooting him with certain guns and pistols held by them and giving to him a mortal wound. It is clear that this included a charge of an attempt to commit a violent injury on the person of another, which constitutes an assault. Penal Code, § 95.

Neither can the second contention be sustained. The substantial allegations of the indictment are stated in the headnote. It is contended that the charge that the defendant and others "unlawfully, feloniously, wilfully, and of their malice aforethought, did kill and murder by shooting," etc., does not contain a sufficient allegation of an intent to murder.

Under an indictment for murder, a defendant may be found guilty of a lesser offense, if it be one involved in the offense of murder and is sufficiently charged in the indictment. "The lesser offense must either necessarily be included in a general charge of the greater, or if it may or may not be, then the averments of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser." *Watson* v. *State,* 116 *Ga.* 607. See also *Thomas* v. *State,* 121 *Ga.* 331, 332. The Penal Code, § 1035, declares that, "Upon the trial of an indictment for any offense, the jury may find

the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special count in the indictment for such attempt." The word "attempt" is more comprehensive than the word "intent," implying both the purpose and an actual effort to carry that purpose into execution. 2 Bishop's New Crim. Pro. (4th ed.) § 80, subsec. 4. In *Johnson* v. *State,* 14 *Ga.* 55, it was said: "In crimes which require force as an element in their commission, there is no substantial difference between an assault with intent, and an assault with *attempt* to perpetrate the offense." Murder is defined in the Penal Code (§ 60) to be "the unlawful killing of a human being, in the peace of the State, by a person of sound memory and discretion, with malice aforethought, either express or implied." The indictment charged the commission of murder by violence. If the words "of their malice aforethought" were not sufficient to include an intent where a killing was alleged, the added word "wilfully" certainly was so. In *King* v. *State,* 103 *Ga.* 263, it was held, that an allegation that the accused did "wilfully, knowingly, absolutely and falsely swear in a matter material to the issue and point in question," and that this testimony was false and the accused knew it to be false at the time he so swore, and did thereby commit willful, intentional, and corrupt perjury, sufficiently averred an intention to swear falsely. In construing the statute which defines murder, the Supreme Court of California, speaking through Sawyer, J., said, that "there is a 'wilful killing,' within the meaning of the statute, wherever there is simply a specific intent, a design or purpose formed to take life." People *v*. Pool, 27 Cal. 572, 585. The words "with specific intent to kill and murder," in an indictment for murder, have been held equivalent to alleging that the killing was wilful. State *v*. Townsend, 66 Iowa, 741. The Appellate Court of Indiana said that in an action against a railroad company for killing stock, an allegation in a complaint that the killing was "wilfully and willingly" done is sufficient to show an intentional killing. Chicago R. Co. *v*. Nash, 27 N. E. 564.

The indictment contained a sufficient charge of murder and included a charge of assault. The words, "unlawfully, feloniously, wilfully, and of their malice aforethought," sufficiently charged the intent to murder.

Several cases are relied on by counsel for defendant in error, such as *Patterson* v. *State,* 85 *Ga.* 131, where it was said that, "Where death takes place from unlawful violence, malice includes an intention to kill. Code, § 4321. But where death does not take place, there may be malice in giving the wound, but utter absence of intention to kill. The law will impute the intention to kill where there is a killing, but not where there is none." This was said in discussing a charge in regard to the facts which would raise a presumption of an intention to kill, and not in regard to the sufficiency of an indictment charging murder. The decision in that and similar cases has reference to the sufficiency of evidence to show this intent. In the present case the attack is made upon the sufficiency of the indictment to sustain the finding. The two things involved are different. One is a rule of pleading, the other a rule of evidence. Here the indictment does allege an unlawful and violent assault on the part of the accused "wilfully and of their malice aforethought," resulting in death. The same distinction will be observed by comparing the present case with that of *Gallery* v. *State,* 92 *Ga.* 463; *Gilbert* v. *State,* 90 *Ga.* 691. See also *Chelsey* v. *State,* 121 *Ga.* 340, 342.

In the Mississippi cases relied on by counsel for plaintiff in error (Moore *v.* State, 59 Miss. 25; Scott *v.* State, 60 Miss. 268), the indictments were framed under the statutes of that State, and included no charge of assault.

*Judgment affirmed. All the Justices concur.*