## WALKER *v.* THE STATE.

1. Three defendants were jointly indicted and tried for murder; the evidence was sufficient to show concert of action in killing the person named in the indictment, and authorized an instruction on the law of conspiracy and of principals in the first and second degrees.

2. Where two or more persons are jointly indicted in a single count for murder, and there is no dispute in the evidence that one of them inflicted the mortal wound under circumstances which made him guilty of murder, there can be no conviction under that indictment, as to the others, of assault with intent to murder, based on an assault independent of that which caused the death.

3. The charge of the court was comprehensive and fair; the evidence did not authorize a charge on the law of voluntary manslaughter; the verdict was authorized by the evidence, and no error of law appears in the record.

APRIL 12, 1911.

Indictment for murder. Before Judge Lewis. Jasper superior court. November 4, 1910.

*A. S. Thurman* and *Greene F. Johnson,* for plaintiff in error.

*H. A. Hall, attorney-general,* and *Joseph E. Pottle, solicitor-general,* contra.

EVANS, P. J. The plaintiff in error and two others were jointly indicted for the murder of John Childs. The jury returned a verdict of guilty, with a recommendation as to him, and of not guilty as to his codefendants. He made a motion for a new trial, complaining of certain charges and of omissions to charge. His motion was denied.

1. The evidence as to what occurred at the scene of the homi-

cide was not harmonious, but it was of such character as to author-
ize a charge on conspiracy to kill. All the defendants came in
company to the place where they found the deceased, which was
the scene of the homicide. There was evidence that all were armed;
that in the combat of words, immediately before the killing, at
least two of them were engaged with the deceased, and on the same
side of the controversy; two of them drew their pistols before the
deceased got his out, and one witness testified that when the
plaintiff in error fired upon the deceased the other defendant fired
before the deceased fired at him; when the deceased attempted to
escape the attack of the defendants, and seek the protection of the
house, all of the defendants pursued, some of them firing their
pistols at the retreating man. It is true that there was evidence
contradictory of some of these circumstances, but the court prop-
erly adjusted his charge to the various phases of the case as pre-
sented by the evidence.

2. It is settled law in this State that under an indictment for
murder the accused may be convicted of a lower grade of felony,
or of a misdemeanor, if the lesser offense is one involved in the
homicide and is sufficiently charged in the indictment. ·*Watson* v.
*State,* 116 *Ga.* 607 (43 S. E. 32, 21 L. R. A. (N. S.) 1); *Smith*
v. *State,* 126 *Ga.* 544 (55 S. E. 475). But whether the jury should
be instructed on the law of a lesser offense, or they would be au-
thorized to convict of a lesser offense, depends on the evidence. If
there is only one defendant, and the evidence affords an inference
that death did not result from his assault, he may be convicted of
a lesser offense included in the crime described in the indictment,
provided the elements which constitute the offense appear in the
evidence. The principle on which a conviction of an offense less
than murder or manslaughter may be had is that the accused per-
son may be convicted of a crime included in the same physical act
charged in the indictment, though the consequences of such act
may not have culminated in death. Of course, if the assault of the
accused caused the homicide he can not be convicted of an offense
less than one of the grades of punishable homicide. Likewise, if
several defendants are jointly indicted for murder in a single
count, and the evidence furnishes an inference that the deceased
did not die from wounds inflicted by either of the defendants,—
that is, the death of the person alleged to have been killed was

not caused by the assault charged, the defendants may be convicted of a lesser offense than murder or manslaughter. But several defendants when jointly indicted in a single count can not be convicted of separate and independent assaults. This is so because of the fundamental rule of criminal procedure that several persons can not be indicted for separate and distinct offenses in one count. In an English case two persons were indicted for murder; it being alleged that each committed separate and independent assaults upon different days, and that death resulted from the wounds separately inflicted by each of the defendants; and the indictment was held to be bad on demurrer. R. *v.* DeVett, 8 C. & P. 639 (561). Where a person is killed under circumstances leaving it in doubt as to whether one or more persons were the actual slayers, or whether there was a conspiracy among two or more to kill the deceased, each may be severally indicted for the homicide and may be convicted of any offense embraced in the charge in the indictment, according to the evidence in the case. But where two or more persons are jointly indicted for murder in a single count, and the evidence indisputably shows that death ensued from the act of one, under such circumstances as to constitute the homicide murder or manslaughter, no conviction can be had of any of the defendants of a lesser offense than these grades of homicide. *Smith* v. *State,* 127 *Ga.* 262 (56 S. E. 360). The specific charge in an indictment for murder is that the deceased died as a result of a malicious and felonious assault by the person or persons indicted. If it appears from the evidence that a felonious assault culminating in death was made by one of the indictees, where more than one is indicted, the subject-matter of inquiry is limited to the actual perpetrator and the connection of the defendants with that act. And in such a case there can be no conviction of an offense less than murder or manslaughter, for the reason that where the uncontradicted evidence shows that the killing was done by the indictees, the only question left is the responsibility of the persons indicted for the homicide. Any independent assault by one defendant, disconnected from the fatal assault, is not under investigation in that trial. If all participated in the felonious act, all would share the same guilt of the actual perpetrator; but if, without any concert of action with the others, one acts independently of the actual perpetrator of the

homicide, his independent act, which did not culminate in death, is not the subject of inquiry under the indictment against all for murder. *Smith* v. *State,* supra. There being no dispute in this case that death resulted from pistol wounds inflicted by one or more of the defendants, the plaintiff in error could not have been convicted of an assault which did not cause death. He was on trial for an act which resulted in the death of John Childs, and not for any independent act which did not cause death; and therefore it was proper to omit an instruction that the defendant might be convicted of assault with intent to murder if the jury should be in doubt as to which of the defendants inflicted the mortal wound and there was no concert of action between the plaintiff in error and such codefendants.

We are cited to the recent case of *Baynes* v. *State,* 135 *Ga.* 219 (69 S. E. 170), as opposed to this view. In that case two defendants were jointly indicted for murder, and one of them was granted a new trial because the court failed to instruct the jury that a verdict of assault with intent to murder, or assault and battery, might have been returned under the special facts of that case. The record shows that a person not indicted fired upon the deceased with a pistol, and the attendant circumstances would have authorized an inference that this third party may have inflicted the fatal wound. If the jury should have taken that view, then the assault of neither indictee produced death; and while neither could have been convicted of murder or manslaughter, either or all of them might have been convicted of the lesser offense involved in the attempt to take the life of the deceased as described in the indictment. The decision is announced in a headnote without a report of the facts of the case, or an opinion elucidative of the point decided. In view of the record of the case and in view of the citation of the case of *Smith* v. *State,* supra, as supporting the proposition ruled, it is manifest that a ruling contrary to the cited authority was never intended.

3. There was sufficient evidence to support a finding that the plaintiff in error was the actual perpetrator. But, even if the jury was not able to designate the defendant who fired the fatal shot, the evidence authorized a finding that all the defendants engaged in the criminal act, aiding and abetting one another. *Brown* v. *State,* 125 *Ga.* 281 (54 S. E. 162). According to the evidence

the grade of homicide was murder, and the court properly omitted any instruction on the law of voluntary manslaughter. The charge of the court was comprehensive and fair; and if further elaboration had been desired, a written request for such should have been made. The evidence authorized the verdict, and no error of law appears to have been committed.

<i>Judgment affirmed. All the Justices concur.</i>