8609. DRISKELL *et al. v.* THE STATE.

GEORGE, J. 1. Upon the trial of three defendants jointly indicted for murder, there was evidence tending to show that they assaulted the deceased at or about the same time, the defendant Dennis (alias Robert) Driskell catching and holding the deceased, the defendant Levi Driskell striking the deceased with a banjo, and the defendant Jack Driskell shooting and killing the deceased with a pistol; but the evi-

dence did not demand a finding that there was any conspiracy or common felonious design on the part of the three defendants to take the life of the deceased, nor did it authorize a finding that the assault made by Dennis (alias Robert) and Levi Driskell caused the death of the deceased. *Held*, that the court should have instructed the jury (with reference to the defenses of Dennis, alias Robert, Driskell, and Levi Driskell) to the effect: (1) that, if the defendants did not kill the deceased, or participate in the felonious design of the person who did shoot and kill him, but made a separate and independent assault upon him with a weapon likely to produce death, and with intent to kill him, and under such circumstances that if death had ensued it would have been a case of murder, then such defendants would be guilty of assault with intent to murder; and (2) that if the defendants (Dennis, alias Robert, Driskell, and Levi Driskell) assaulted and wounded the deceased under such circumstances as just detailed unlawfully, but without any intention to kill, and such assault did not result in death, then they would be guilty of assault and battery. Compare *Baynes* v. *State*, 135 *Ga.* 219 (69 S. E. 170), and cases there cited. The three defendants having been found guilty of manslaughter, the failure to instruct the jury substantially as above indicated was cause for a new trial as to Dennis (alias Robert) Driskell and Levi Driskell.

2. As to the remaining defendant, Jack Driskell, the evidence authorized the verdict of manslaughter, and the court did not err in the following charge: "Where the evidence shows one person kills another the law would presume malice until the contrary appears; but it may appear from all the circumstances introduced into the trial of the case showing the killing. But, as I said to you just now, the law presumes every killing, where one person kills another, the law presumes the killing is with malice until the contrary appears." Since the defendant Jack Driskell was acquitted of the offense of murder, the only offense involving the ingredient of malice, and was convicted of the offense of manslaughter, which does not involve malice, this charge is harmless, even if it is for any reason erroneous.

3. The failure of the court to give in charge section 76 of the Penal Code of 1910, which declares that, "the homicide appearing to be justifiable, the person indicted shall upon the trial be fully acquitted and discharged," was not cause for a new trial, where the court informed the jury that the defendants could not be convicted unless proved guilty beyond a reasonable doubt, and instructed them fully as to the defense of justifiable homicide, and that the verdict might be for murder, voluntary manslaughter, or justifiable homicide, treating a verdict of not guilty as equivalent to a finding that the defendants were justified. See *Taylor* v. *State*, 121 *Ga.* 318 (10), 356 (49 S. E. 303); *Worley* v. *State*, 136 *Ga.* 231 (4) (71 S. E. 153).

4. As to the defendant Jack Driskell, none of the further assignments of error are meritorious, and the court did not err in overruling his motion for a new trial. For the reasons stated in the first division of this opinion, the court erred in overruling the motions for new trial filed by Dennis (alias Robert) Driskell and Levi Driskell.

*Judgment affirmed as to Jack Driskell; reversed as to Dennis (alias Robert) Driskell and Levi Driskell. Wade, C. J., and Luke, J., concur.*
DECIDED JUNE 13, 1917.

Indictment for murder—conviction of manslaughter; from Putnam superior court—Judge Park. January 22, 1917.

*Eugene M. Baynes,* for plaintiffs in error.

*Doyle Campbell, solicitor-general,* contra.