### 15900.   COX *v.* THE STATE.

1. An indictment for murder embraces the minor offense of assault with intent to murder, as the whole embraces all of its parts.
2. The verdict, and not the indictment, determines when a criminal prosecution is a case "of felony not punishable by life imprisonment," to which the indeterminate sentence act of 1919 is applicable.

DECIDED DECEMBER 9, 1924.

Conviction of assault with intent to murder; from Fulton superior court—Judge Humphries.  August 27, 1924.

*Maddox & Maddox,* for plaintiff in error.

LUKE, J.  Cox was indicted for murder, it being alleged that the accused, "in the county of Fulton and State of Georgia, on the 10th day of July, 1921, with force and arms, did unlawfully, with malice aforethought, kill and murder one Edward Burkhalter, by then and there shooting him, the said Edward Burkhalter, with a pistol, contrary to the laws of said State, the good order, peace, and dignity thereof."  Upon the trial, on November 6, 1922, he was convicted

of assault with intent to murder, the jury in their verdict fixing his penalty at not less than five nor more than ten years in the penitentiary, and he was sentenced accordingly. On August 13, 1924, while serving his sentence, he caused to be presented to the trial judge his motion in arrest of judgment, which was in due course heard and overruled. The grounds of the motion were: (1) that the indictment did not embrace the offense of assault with intent to murder, it not being alleged that the killing was intentional, or that the pistol was loaded or was a weapon likely to produce death, or that any assault was made by the accused upon the deceased; and (2) that, the indictment being for the offense of murder, a capital offense, the jury did not have the power, under the indeterminate sentence act of 1919, to prescribe the penalty. The exception is to the judgment of the lower court overruling that motion.

1. Under repeated decisions of this court and of the Supreme Court, the indictment sufficiently charged the offense of murder, and was not subject to demurrer, much less to a motion in arrest of judgment. *Barnes* v. *State,* 24 *Ga. App.* 372 (1) (100 S. E. 788), and citations. In *Smith* v. *State,* 126 *Ga.* 544 (55 S. E. 475), the Supreme Court, in dealing with an indictment for murder, substantially the same as the one now under consideration, held that it was sufficient to furnish a basis for a conviction of assault with intent to murder. See also *Troup* v. *State,* 17 *Ga. App.* 387 (87 S. E. 157). Thus, the precise question sought to be raised by the plaintiff in error is settled to the contrary of his contentions.

2. His second contention, viz., that the major offense charged in the indictment deprived the jury of their power to fix the penalty for the minor offense found by their verdict, is palpably without merit. Ga. L. 1919, p. 387; Park's Ann. Code, vol. 11, § 1081 (e). In all proceedings prior to the agreement of the jury upon their verdict, the nature of the case is determined by the indictment; but for all subsequent proceedings it is determined by the verdict.

3. The motion in arrest of judgment was properly overruled. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*