WASHINGTON v. STATE.

Opinion delivered June 16, 1930.

*Milton McLees* and *Joe N. Wills*, for appellant.

*Hal L. Norwood*, Attorney General and *Pat Mehaffy*, Assistant, for appellee.

HART, C. J., (after stating the facts). It is first earnestly insisted by counsel for the defendant that the court erred in refusing to sustain their motion in arrest of judgment. They contend that, inasmuch as the defendant was indicted and tried for murder committed in the perpetration and in the attempt to perpetrate robbery in violation of the provisions of § 2343 of the Digest, the indictment is fatally defective and does not charge an offense under that section. Their contention is based on the allegations of the indictment using the word "intent" instead of the word "attempt" to rob W. H. Roberts. They claim to constitute an attempt, something more than an intention or purpose to commit crime is necessary. It is true that generally speaking the word "attempt" is more comprehensive than the word "intent," including both the purpose and an actual effort to carry the purpose into execution; but, in crimes which require force as an element in their commission, there is no substantial difference between an "assault with intent" and an "assault with attempt" to perpetrate the offense. *Smith* v. *State,* 126 Ga. 544, 55 S. E. 475; *Johnson* v. *State,* 14 Ga. 55; 2 Bishop's New Criminal Procedure (4th ed.), page 80; and Kelley's Criminal Law and Procedure, (4th ed.) § 486.

By the common law, every homicide committed in the perpetration of a felony was murder, and this, whether there was any precedent intention of doing the homicidal act or not. *Rhea* v. *State,* (Neb.) 88 N. W. 789; *Conrad* v. *State,* 75 Ohio St. 52, 8 Ann. Cas. 966; and 4 Cooley, Black. Comm., star pages 200 and 201.

Our statute has modified the common law rule so that murder committed in the perpetration of or attempt to perpetrate certain named felonies including robbery is deemed murder in the first degree. Crawford & Moses' Digest, § 2343; *Palmore* v. *State,* 29 Ark. 248;

*Rayburn* v. *State,* 69 Ark. 177; *Powell* v. *State,* 74 Ark. 255; *Sheppard* v. *State,* 120 Ark. 166; *Clark* v. *State,* 169 Ark. 717; and *Harris* v. *State,* 170 Ark. 1073.

As will be seen from the body of the indictment which was set out in our statement of facts, the grand jury charged that George Washington, with the felonious intent to rob W. H. Roberts, did assault and kill W. H. Roberts by shooting him with a pistol. This, in plain language, charged the defendant, George Washington, with killing W. H. Roberts with the felonious intent to rob him, or in the attempt to rob him. Consequently, when the indictment charged an assault with intent to kill Roberts, this was necessarily an attempt by violence to rob him. The crime of robbery requires force as an element in its commission, and there can be no substantial difference between an "assault with intent to rob" and an "assault with attempt to rob." Hence a verdict of guilty of murder in the first degree was in conformity with the indictment. Murder committed in the perpetration or attempt to perpetrate robbery under our statute is not a distinct offense, but merely one way of committing murder in the first degree. The authorities above cited hold that the malice in such a case is evidenced by the act of killing while attempting to perpetrate the felony, and that premeditation is not essential to murder in the first degree in such a case. Hence we hold this assignment of error is not well taken.

It is next insisted that the court erred in giving certain instructions to the jury. We do not deem it necessary to set out these instructions. The assignment of error is predicated upon the theory that the indictment did not charge the offense to have been committed in the perpetration of or in an attempt to perpetrate robbery, and that it is error therefore to instruct the jury that if they found beyond a reasonable doubt that the defendant, in the perpetration of or in the attempt to perpetrate robbery, shot and killed Roberts, he would be guilty of murder in the first degree. Reliance is had to sustain

their contention on *Rayburn* v. *State,* 69 Ark. 177, and *Sheppard* v. *State,* 120 Ark. 160. As we have already seen, the indictment is a good and valid indictment under § 2343 of the Digest, and it was proper for the court to instruct the jury on the law of the case under that section of the statute as laid down under the authorities above cited. Hence we do not deem the assignment of error with regard to the instruction is well taken. The jury, by its verdict, showed that it believed the witnesses for the State, and the testimony given by them warranted the jury in finding that the defendant was guilty of murder in the first degree, committed by killing W. H. Roberts while attempting to rob him.

It is next contended that the court erred in refusing to withdraw from the consideration of the jury two photographs of the scene of the killing introduced by the State. It is conceded that these photographs were properly introduced, and that their introduction was competent in order to show the jury the premises where the crime was charged to have been committed. It is alleged, however, that the court erred in allowing the State to show from the photographs the purported positions of the parties by illustration from men in the pictures. It is insisted that there is no verification of the photographs with reference to the position of the parties, and for this reason the photographs should have been withdrawn from the jury. We think that the photographs were properly verified with respect to the position of the defendant and the deceased by the admission of the defendant himself. According to the testimony of the sheriff, the defendant admitted that the position of certain men in the picture were about the same as they were when the shooting occurred; that is to say, he admitted that he was about where W. L. Hall, one of the parties in the picture, was, when the shooting took place. He said that Roberts was standing in the door of the filling station.

In *Sellers* v. *State,* 91 Ark. 175, the court recognized the general rule laid down by authorities on

criminal evidence that photographs are admissible in evidence when they are shown to have been accurately taken and to be correct representations of the subject in controversy, and are of such a nature as to throw light upon it. The reason is they aid the jury to understand the evidence of the witnesses by illustrating the situations of the persons, places, or things connected with the inquiry. It was only material to show the position of the defendant and of the deceased at the time of the shooting. The defendant admitted to the sheriff the position of these two parties and also testified relative to the same at the trial. He admitted shooting the deceased and only contradicted the witnesses for the State as to which one shot first. According to the evidence for the State, the person with the smaller pistol shot first, and it was shown that the defendant had the smaller pistol. According to the testimony of the defendant, the deceased shot first. Hence we hold that this assignment of error was not well taken.

It is next contended that the court erred in refusing to instruct the jury on the lesser degrees of homicide. We do not think that this assignment of error is well taken. There was no evidence to establish a lesser degree of homicide than murder in the first degree. The evidence showed that the defendant, if guilty at all, was guilty of murder in the first degree; and it was not error for the court to refuse to give instructions authorizing the jury to return a verdict of guilty of one of the lesser degrees of homicide when there was no evidence upon which to base such instruction. In this connection, it may be stated that the court instructed the jury on the subject of self-defense or excusable homicide. *Clark* v. *State,* 169 Ark. 717; and *Harris* v. *State,* 170 Ark. 1073.

We also call attention to the fact that the court told the jury that if it found from the evidence beyond a reasonable doubt that the defendant went to the place of business of the deceased for the purpose of robbing him, and that he attempted to perpetrate the robbery, he could

not claim the benefit of self-defense unless the jury found that he in good faith abandoned his attempt to commit the robbery and that he retreated as far as consistent with his own safety before shooting the deceased. The court also gave proper instructions to the jury on the question of reasonable doubt and that the confessions of the defendant must be voluntarily made.

Finally, it is insisted that the judgment should be reversed because the court erred in not granting a new trial for the reason that J. H. Brooks, one of the jurors, was at the scene of the crime when the photographs representing the situation of the parties were taken. According to the testimony of the juror, he did not recollect about having been present when the pictures were taken when he was questioned as to his qualifications as a juror in the case. He admitted that he was present when the pictures were taken and might have heard some of the witnesses say something about the case, but, if he did hear them, their statements made no impression upon his mind, and he did not recollect anything about the occurrence when he was examined on his *voir dire*. He happened to be present when the pictures were taken because he was riding in an automobile with the sheriff which the latter was demonstrating to him. His testimony is corroborated by that of the sheriff, who testified that in summoning a special venire to try the defendant, he did not recollect that Brooks had been present at the time the pictures of the scene of the killing showing the positions of the parties were taken. The juror testified that he had no bias or prejudice for or against the defendant, and that his mind was perfectly free from any prejudice, and that he could and did give the defendant a fair and impartial trial. Therefore, we hold that this assignment of error is not well taken. *Pendergrass* v. *State,* 157 Ark. 376.

We have carefully examined the record and are of the opinion that the defendant received a fair and impartial trial. We find no prejudicial error in the record, and the judgment will therefore be affirmed.