## 26005. MOORE *v.* THE STATE.

DECIDED FEBRUARY 4, 1937.

*J. B. G. Logan, George W. Westmoreland,* for plaintiff in error.
*Clifford Pratt, solicitor-general, E. C. Stark,* contra.

GUERRY, J. The plaintiff in error was jointly indicted with

Clifford, alias Jo Bo, Craig for the murder of J. Kitchens. See *Craig* v. *State*, 55 *Ga. App.* 207 (189 S. E. 727), for a complete statement of the evidence at the trial. The decision in *Craig* v. *State*, supra, controls, adversely to the plaintiff in error, all of the assignments of error presented in this writ of error, with the exception of two which we will now discuss.

■ Complaint is made that the court failed to charge the jury on the offense of shooting at another, as contained in the Code, § 26-1702. There is no merit in this contention. "It is settled law in this State that under an indictment for murder the accused may be convicted of a lower grade of felony, or of a misdemeanor, if the lesser offense is one involved in the homicide and is sufficiently charged in the indictment. *Watson* v. *State*, 116 *Ga.* 607 (43 S. E. 32, 21 L. R. A. (N. S.) 1) ; *Smith* v. *State*, 126 *Ga.* 544 (55 S. E. 475). But whether the jury should be instructed on the law of a lesser offense, or they would be authorized to convict of a lesser offense, depends on the evidence." *Walker* v. *State*, 136 *Ga.* 126 (70 S. E. 1016). In the present case, the defendant was jointly indicted with another for the murder of J. Kitchens. The evidence of the State disclosed that both he and Craig fired pistols at the deceased, and demanded a finding that one of them fired the fatal shot. In *Walker* v. *State*, supra, it was said : "Where a person is killed under circumstances leaving it in doubt as to whether one or more persons were the actual slayers, or whether there was a conspiracy among two or more to kill the deceased, each may be severally indicted for the homicide and may be convicted of any offense embraced in the charge in the indictment, according to the evidence in the case. But where two or more persons are jointly indicted for murder in a single count, and the evidence indisputably shows that death ensued from the act of one, under such circumstances as to constitute the homicide murder or manslaughter, no conviction can be had of any of the defendants of a lesser offense than those grades of homicide. *Smith* v. *State*, 127 *Ga.* 262 (56 S. E. 360). The specific charge in an indictment for murder is that the deceased died as a result of a malicious and felonious assault by the person or persons indicted. If it appears from the evidence that a felonious assault culminating in death was made by one of the indictees, where more than one is indicted, the subject-matter of inquiry is limited to the ac-

tual perpetrator and the connection of the defendants with that act. And in such a case there can be no conviction of an offense less than murder or manslaughter, for the reason that where the uncontradicted evidence shows that the killing was done by the indictees, the only question left is the responsibility of the persons indicted for the homicide." From this it follows that under the indictment the defendant could not have been found guilty of shooting at another. It was therefore not error for the judge to fail to charge on this subject. *Wood* v. *State*, 30 *Ga. App.* 665 (118 S. E. 763), is not in conflict with this ruling. It is distinguishable on the same ground that the Supreme Court in the *Walker* case, supra, pointed out that the case of *Baynes* v. *State*, 135 *Ga.* 219 (69 S. E. 170) was not in conflict with that ruling. In the *Wood* case, A, B, and C, acting independently and not in concert, fired on the deceased. Only A and B were indicted for his death, and the evidence did not demand a finding that the deceased died from wounds inflicted by either of them.

■ Complaint is made that the court erred in failing to charge the jury on misfortune and accident as set out in the Code, § 26-404. There is no merit in this complaint. There was no evidence that the accused shot deceased but did so accidentally. He himself did not admit shooting deceased. In his statement he did say: "I had my gun like this (indicating down by side) and took told of J's arm and asked him not to do that, and he hit me with the blackjack, and I fell over on the pavement and in falling [the gun?] hit [the?] payment [pavement] and was discharged and Jo Bo shot, and he [Kitchens] fell." However, this statement did not raise any issue of accidental death. It is to be inferred from the statement that the shot fired by Jo Bo hit the deceased and caused him to fall. It did not raise the issue that the gun of the defendant shot the deceased when it was discharged by hitting the floor. Furthermore, this was raised only by the statement of the defendant, and the judge did not err in failing to charge this principle, without a written request to do so. *Hardin* v. *State*, 107 *Ga.* 718 (33 S. E. 700); *Carroll* v. *State*, 99 *Ga.* 36 (28 S. E. 680); *Taylor* v. *State*, 108 *Ga.* 384 (34 S. E. 2); *Baker* v. *State*, 111 *Ga.* 141 (36 S. E. 607); *Eich* v. *State*, 169 *Ga.* 425 (150 S. E. 579). The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*