Cleaburne RYAN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. WD 32338.

Missouri Court of Appeals, Western District.

April 20, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied June 1, 1982.

Application to Transfer Denied July 12, 1982.

Larry A. Bryson, Centralia, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P. J., and PRITCH-ARD and DIXON, JJ.

DIXON, Judge.

Movant appeals the denial of his Rule 27.26 motion.

Many points are raised, but the issues may be subsumed under four headings: first, movant asserts by a variety of theories that the use of the word "intent" in the information instead of "attempt" rendered a conviction under the assault with malice aforethought statute, § 559.180 RSMo 1969, improper; second, that trial counsel was ineffective; third, that the trial court failed

to make findings of fact and conclusions of law on all issues; and fourth, that the evidence at trial was insufficient to convict movant.

For understanding of the issues, some recital of the facts of the underlying offense is necessary. Movant was convicted of an assault with malice aforethought. The victim had parked her car in a grocery store parking lot, done some shopping and returned to her car. After positioning herself behind the wheel and before she could move the car, an individual entered on the passenger side. The victim said the intruder pointed a 10- or 12-inch butcher knife at her and directed her to drive. Instead, the victim jumped out of the car and reentered the store, leaving her keys in the car. The police were called and while they were searching the area for the assailant, the victim remained in the store. While she was waiting in the store, the assailant entered, the victim recognized him, and a clerk notified the police. The victim pointed out the defendant, he was arrested, and she subsequently unequivocally identified him at trial. The butcher knife was recovered in the parking lot area, and the victim positively identified the weapon.

The defendant was charged by an information which in pertinent part read as follows:

did wilfully, unlawfully, feloniously, and of malice aforethought assault Debra Raines by pointing a deadly weapon, to-wit: a butcher knife at her with intent to kidnap Debra Raines, . . .

The jury was instructed by MAI–CR 6.22 and MAI–CR 6.24 on the offense of assault with malice aforethought under § 559.180 RSMo 1969 and assault without malice under § 559.190 RSMo 1969, respectively.

■ Movant first complains that because § 559.190 uses the language "intent to commit" in describing the offense of assault in the perpetration of a felony, and § 559.180 uses the language "attempt to commit" similarly the information charged an offense under § 559.190 or alternatively was duplicitous.

The argument as to "intent" and "attempt" creating a tautological conflict between the statutes appears to be a novel one. The Assistant Attorney General who appeared on the oral argument has submitted authority cited in the argument but which had not been included in the brief. The authority includes *Johnson v. State*, 14 Ga. 55 (1853); *Smith v. State*, 126 Ga. 544, 55 S.E. 475 (1906); and *State v. Bullock*, 13 Ala. 413 (1848).

In *Smith v. State, supra*, 126 Ga. 544, 55 S.E. at 475, the court, quoting *Johnson v. State, supra*, stated:

"In crimes which require force as an element in their commission, there is no substantial difference between an assault with intent, and an assault with attempt, to perpetrate the offense."

The court in *Johnson v. State, supra*, has considered a similar question in the following language:

Is there any difference between an assault with *attempt* to ravish, and an assault with intent to ravish? We do not deny that there is a distinction between an intent and attempt to do anything. The former implies the purpose only; the latter an actual effort to carry that purpose into execution. But the question, is whether in crimes, which require force as an element in their commission, there is any substantial difference between an assault with intent and an assault with attempt to perpetrate the offence [*sic*]? We think not.

What is an assault? It is an *attempt* to commit a violent injury. Consequently, an assault with intent to commit a rape, is an *attempt*, by violence to commit a rape. . . .

*Johnson v. State, supra* at 59–60 (court's emphasis). The Alabama Supreme Court in *State v. Bullock, supra*, held that an indictment which charged that the defendant had assaulted another "with the intent" to kill, was sufficient to charge the crime "of an assault with an attempt to murder." The court's reasoning was as follows:

Applying these principles to the case before us, we think this indictment does

substantially charge the offence [*sic*] described in the statute. It is true, as contended for by the counsel for the prisoner, that there is a marked difference between the term 'intent' and 'attempt to kill and murder,' &c. But while this difference exists in the terms taken separately, the distinction is lost, when we consider them in the connection in which they occur in the statute, and in the indictment. An 'assault' implies an attempt to do the violence; and the 'intent' to murder characterizes the criminality of the act. An assault with an attempt to murder, implies nothing less; so we conclude, the indictment contains a sufficient description of the statutory offence [*sic*].

*State v. Bullock, supra* at 416.

In the context of § 559.180 and § 559.190, the words "intent" and "attempt" describe analogous conduct and the information is not subject to challenge on that ground. The distinction between an offense under § 559.180 and an offense under § 559.190 has traditionally been the presence of malice aforethought in the former and the absence of such malice in the latter. *State v. Woody*, 406 S.W.2d 659 (Mo.1966); *Johnson v. State*, 485 S.W.2d 73 (Mo.1972). The information in this case charged malice aforethought and was therefore a charge under § 559.180.

Movant alternatively argues that the use of MAI–CR 6.22 utilizing the statutory language of "attempt" contained in § 559.180, instructed upon an offense not charged because the information contained the word "intent" which is the language of § 559.190. What has been said heretofore disposes of that contention as well. It is further to be noted that the information expressly charged "malice aforethought" and the movant suffered no disadvantage by being misled as to the charge laid in the information.

The movant also contends that counsel for movant at trial was ineffective by failing to challenge the information as duplicitous.

■ Movant asserts the information is duplicitous because it charges both assault with a deadly weapon and assault in the attempt to commit the felony of kidnapping. Thus, movant argues counsel should have attacked the information and required the state to elect the offense charged. When a crime singular in its punishment may be accomplished in a variety of ways or by different means, an information charging all or several of the statutory means of accomplishment of the offense is not duplicitous. *State v. Hulett*, 595 S.W.2d 767, 769 (Mo.App.1980); *State v. Johnstone*, 335 S.W.2d 199, 203 (Mo.1960). The information was not duplicitous and counsel may not be said to be ineffective in failing to raise issues upon which no relief might properly have been granted.

■ Movant also says that counsel was ineffective because the instruction used "attempt to kidnap" instead of the language "intent to kidnap." What has been said heretofore is a sufficient answer to this contention. The information and instruction were predicated on § 559.180 and no error in the instruction based upon that claim could have prevailed. The instruction given is inept since it need not have contained the element of kidnap in any count. The information and the instruction contained the elements of assault with malice aforethought and the evidence discloses that such an assault occurred. The language of the instruction concerning an attempt to kidnap was surplusage. *State v. Hawkins*, 418 S.W.2d 921, 925 (Mo. banc 1967). When the state submits conjunctively two alternative methods for the commission of an offense, then a secondary support for only one method, there is no error. *Hawkins, supra* at 924. The state has assumed a greater burden than is necessary and the submission of the unsupported alternative is surplusage. *State v. Neal*, 416 S.W.2d 120, 123 (Mo.1967); *State v. Burns*, 280 S.W.2d 119, 122 (Mo.1955); *State v. Thompson*, 299 S.W.2d 468 (Mo.1957).

■ Movant also contends that counsel was ineffective in failing to object to testimony offered by the state concerning the absence of fingerprints in the car or on the

weapon. This was so obviously a matter for a tactical judgment that it need not be further noticed. Counsel confronted with clear and direct evidence of the guilt of the defendant might have welcomed the possible doubt that might have arisen on the showing of a lack of fingerprint evidence connecting the defendant with the scene or the weapon. The determination to forgo objection on the ground of tactical advantage is palpable and no ineffectiveness can be predicated upon that decision.

The movant also contends counsel was ineffective in failing to move for the suppression of two witnesses other than the victim who identified the defendant. It is unnecessary to recite the basis of the claim that the witnesses' identification was erroneously admitted. It is sufficient to say that both witnesses had an independent basis for identification at the scene which would have permitted them to make the in-court identifications. No ineffectiveness appears on this record.

Movant also contends that the trial court failed to make findings of fact and conclusions of law. Rule 27.26(i). The argument is that the amended motion realleged grounds set forth in the *pro se* motion and these were ignored in the final order. There was no evidentiary support for these conclusory allegations and the record refutes any substantive claim on those issues. There is no merit in the point.

■ Finally, movant asserts there was no evidentiary support for the conviction. The jury finding and the judgment of the court show a conviction for felonious assault with malice aforethought. The evidence recited above shows that the verdict and judgment have ample support. Movant argues that he was convicted of assault with intent to commit the felony of kidnapping. That was neither the verdict nor the judgment and even if it be assumed that the evidence did not support an "attempt to kidnap" as movant asserts, there was no error. *State v. Hawkins; State v. Neal*; and *State v. Thompson, supra.* The failure, if any, of the evidence on the alternative of attempt to kidnap in no wise constitutes an insufficiency of the evidence to support the conviction for assault with malice aforethought. The evidence shows such an assault with a deadly weapon.

The judgment of the trial court is affirmed.

All concur.