### 10468. WILLIAMS *v.* THE STATE.

STEPHENS, J. 1. Although there was no actual difference of opinion between the court and counsel as to the law applicable to the case, it was not error prejudicial to the accused, in that it destroyed the wholesome effect of his counsel's argument before the jury, for the court to charge the jury that "where the court and counsel differ as to the law, it would be your duty to take the law from the court and apply that law given you by the court, and accept as law what is given you by the court."

2. Where one was charged with the offense of making alcoholic liquors in violation of law, and the evidence showed that a substance commonly called "beer," made out of cornmeal and water, was found in an outhouse in the possession of the defendant and on the premises where he lived, it was not error for the court to charge the jury that they would be authorized in presuming that the defendant was in possession of the "beer" and that he owned and made it. This charge instructed the jury that they were only authorized to conclude that the defendant made the substance in question, and did not instruct the jury that they were obliged, as a matter of law, to conclude that he made such substance. This charge is not subject to the objection that it con-

tained an expression of opinion as to what had been proved in the case.

3. A charge that one convicted of the offense of manufacturing liquors is punishable by imprisonment in the penitentiary for a period not less than one nor longer than four years was inaccurate, in that it misstated the maximum penalty, which is five years. The jury could have considered the severity of the penalty prescribed, in determining whether or not they should recommend that the offense be punished as for a misdemeanor. But since the judge could have disregarded such recommendation, and since he sentenced the defendant to a term of only two years in the penitentiary, this misstatement was harmless.

4. Evidence that apparatus for manufacturing liquors prohibited by law and a barrel of "beer" which had fermented and was alcoholic and would produce intoxication were found in a house on the premises of the defendant where he lived, and he admitted that such apparatus and "beer" were in his possession, and that he intended to use the same for the purpose of making liquor, is sufficient to authorize his conviction of making liquor in violation of law.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JUNE 27, 1919.

Accusation of manufacture of liquor; from Randolph superior court—Judge Worrill. March 3, 1919.

*George H. Perry,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.