### 11662.  THOMAS *v.* THE STATE.

BROYLES, C. J.    1. The court did not err in overruling the demurrer
to the indictment.

2. The following charge complained of was not error:  "Evidence as
to good character of one on trial charged with crime is always
relevant and competent to be considered by the jury, and, in a case
where guilt is not plainly established, evidence as to good character
may of itself be sufficient to generate in the minds of the jury a
reasonable doubt as to the guilt of the defendant.    The rule is that
evidence as to good character is to be taken and considered by the
jury in connection with the other evidence in the case in its entirety,
and if, after considering the evidence as a whole, the jury is satisfied
of the defendant's guilt, then and in that event it is [for] the
jury to convict, notwithstanding such evidence as to such good
character."    *Brazil* v. *State,* 117 *Ga.* 37, 38, (43 S. E. 460); *Hill*
v. *State,* 18 *Ga. App.* 259 (89 S. E. 351) and cit.

3. The evidence upon which the State relied to convict the defendant
was purely circumstantial, and it was not sufficient to exclude every
reasonable hypothesis save that of her guilt.    The verdict, there-
fore, was unsupported by the evidence, and the court erred in over-
ruling the motion for a new trial.

*Judgment reversed.    Luke and Bloodworth, JJ., concur.*

DECIDED JULY 28, 1920.

Indictment for manufacture of liquor; from Bibb superior
court — Judge Thomas presiding.    May 29, 1920.

1. On the grounds that no offense against the law of the State
was charged, that the act of 1917, under which the defendant was
indicted, was in conflict with and was superseded by the "war
prohibition act" of October 28, 1919, and the "national prohi-
bition act passed in January, 1920," and that because of this sub-
sequent legislation the court was without jurisdiction of the case,
the defendant demurred to the indictment, which charged her
with "the offense of manufacturing whisky, for that the said Lila
Thomas, on the 7th day of November, in the year 1919, in the
county aforesaid, did  . . unlawfully  . . distill, manufacture,
and make alcoholic liquors, spirituous liquors, whisky, and rum,
contrary to the laws of said State," etc.

2. The court's instructions as to the effect of evidence of good character, which are set out in the decision, are complained of on the grounds that they restrict the consideration of such evidence to cases in which guilt is not plainly established, and allow the jury to consider it only in connection with other evidence. It is contended that evidence of good character is in itself a defense and may alone work an acquittal.

3. According to the evidence, Lila Thomas, the defendant, was at the house of Mary Ann Crawford, which was the next house to the one in which the defendant lived, when detectives came to the house of Mary Ann Crawford and there found whisky and rum, and a lard can connected with a worm, etc. One of the detectives testified that in the afternoon he went to the house with Mr. Hardison, another detective, and found that the doors were fastened and the window-shades were down; that repeated knocking on the door brought no response, and the witness moved one of the shades and saw two boys — Robert Pennington and Hilton Connor — tipping across the floor, but did not then see the defendant; that they were finally admitted into the house and found the defendant in the middle room, a cook-room, and in a closet of that room, they found a large lard can and a worm; the can was hot, and "it had a trough; the worm connected with the pipe; it was stuck in that hole, and some putty or dough, or something, around the worm;" "there was meal, and looked like syrup and stuff had soured or fermented in the can;  .  . it smelled like beer; it was hot and there was steam coming from it; it was smoking; it smelled like stump rum;" about two quarts and a pint of stump rum were found there; one of the boys was under the bed when the witness got in the house; the defendant said there was no whisky there; whisky was found in a wardrobe. Mary Ann Crawford testified that the defendant had been in the habit of coming to the house to get meal to cook for her, that Hilton Connor, who was in the house when the detectives came, boarded there and that she knew nothing of the making of liquor there. The defendant, in her statement at the trial, said that she went to the house to get some meal to cook for Mary Crawford's supper, and that when she went in to pull the can out and get the meal from it, some one knocked at the door, and the man who charged her with making whisky came into the house.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.