## 12300.   ADAMS *v.* THE STATE.

1. The court did not err in admitting evidence as to the conduct of members of the family of the accused after the officers arrived at his home, as complained of in grounds 1, 2, 3, 5, and 6 of the motion for a new trial.

(*a*) Where evidence is offered en bloc, some of which is not open to the objections made to it, the admission of such evidence is not ground for a new trial.

2. Evidence not of such probative value that its admission could be hurtful to the plaintiff in error is not cause for a new trial.

3. Points made in the motion for a new trial but not argued in the brief of plaintiff in error will be treated as abandoned.

4. The evidence authorized the verdict.

DECIDED MAY 11, 1921.

Indictment for manufacturing intoxicating liquor; from Lowndes superior court — Judge Thomas.   February 19, 1921.

*Dan. R. Bruce,* for plaintiff in error.

*C. E. Hay, solicitor-general,* contra.

BLOODWORTH, J.   Two county policemen had "started to defendant's place to search for whisky." They met him in the road traveling in his automobile, stopped, told him the mission on which they were going, and took him in the car in which they were traveling. His son, who was driving the father's car, turned and went another road and reached the home of accused before the officers did.   Arriving there, he ran into a big log house that was used for a kitchen and dining-room, and poured out two barrels of beer.   The evidence showed that the wife of the accused was at home, and that she was seen to go out toward a grape arbor with something in a crocus sack, and that after her return her tracks were followed and a copper still was found behind a stump in a crocus sack.

1. Grounds 1, 2, 3, 5, and 6 of the amendment to the motion for a new trial are all based upon alleged errors of the court in admitting testimony as to the conduct of members of the family of the accused after the officers arrived at his home, the errors alleged being that the court erred in allowing the witnesses, over objections made at the time, to testify " as to what the boy did, upon the ground that the same was irrelevant, immaterial, and inadmissible to bind the defendant," and " as to what the defendant's wife did, upon the ground that she could not testify for or against her husband, and could not make any admissions or confessions binding upon him."   The court did not err, as against the objec-

tions urged thereto, in allowing this evidence to go to the jury. Moreover, the evidence embodied in each of these grounds was offered en bloc, and the overruling of evidence in bulk, some of which was not open to the objections made (conceding without deciding that some of it was subject to the objections urged), is not ground for a new trial. *Edenfield* v. *Brinson,* 149 *Ga.* 378 (5) (100 S. E. 373), and cases cited; *Calloway* v. *State,* 20 *Ga. App.* 189 (1) (92 S. E. 944); *Luke* v. *State,* 26 *Ga. App.* 175 (106 S. E. 199).

2. The evidence of which complaint is made in ground 4 of the amendment to the motion for a new trial was also offered in bulk, and the rule announced in the immediately preceding division of this opinion applies. In addition it is stated in the brief of counsel for the plaintiff in error that " this evidence is entirely without any probative value whatever." This being true, its admission could not have been harmful.

3. That portion of the motion for a new trial which alleges that the court erred in failing to declare a mistrial because of a certain argument made by the solicitor-general will be treated as abandoned, as it is not mentioned in the brief of plaintiff in error.

4. On the premises of the defendant, and in the same inclosure as his house, was found a copper still which " was a little sooty on the bottom, and showed that it had been around the fire," and. under a grapevine near the house a part of a barrel was found that had a couple of holes through it, and it was " such as is generally used for running the worm through to cool." Granting that the foregoing evidence is not sufficient to show that the defendant was guilty of distilling whisky, yet the remainder of the evidence is ample to support the verdict found by the jury. In *Belcher* v. *State,* 25 *Ga. App.* 493 (103 S. E. 852), this court held: " Under the prohibition law (Ga. L. Ex. Sess. 1917, p. 18), declaring it a felony to ' distill, manufacture, or make any liquors or beverages, any part of which is alcoholic,' the act of making an intoxicating beer, through the fermentation of syrup, corn-meal, and water mixed for that purpose, is of itself an offense as complete and distinct as the further act of distilling from such beer a quantity of alcohol, whisky, or rum. *Williams* v. *State,* 24 *Ga. App.* 54 (4) (99 S. E. 711 (2) ). (*a*) The failure of the evidence in this case to show the distillation of any quantity of whisky does not, there-

fore, leave the conviction of the accused without any evidence to show that he was guilty of making such beer, and the indictment is broad enough in its terms to include all possible violations of the above-named statute." What is just quoted from the *Belcher* case is applicable to this case, and the judgment is

                *Affirmed. Broyles, C. J., and Luke, J., concur.*