16600.   REESE v. THE STATE.

LUKE, J.   The accused being on trial for manufacturing intoxicating liquors, and the evidence tending to show that he and others were found by county policemen at a whisky still in a swamp, with fire under the still and beer from which whisky might be distilled in it, and with the accused stirring the beer in the still and other members of his party doing other acts essential to the operation of the still, but further showing that, before any whisky was actually distilled or the worm or condenser had been attached to the body of the still, the officers rushed upon and arrested some members of the distilling party and the others escaped arrest by flight, the verdict finding the accused guilty of an attempt to manufacture whisky was not without evidence to support it.   See *Groves* v. *State*, 116 *Ga.* 516 (42 S. E. 755, 59 L. R. A. 598), and citations in opinion.

> *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 6, 1925.

Making liquor; from Heard superior court—Judge Roop.   May 12, 1925.

*M. U. Mooty,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general, W. L. Stallings,* contra.

16630.   BULLARD v. THE STATE.

LUKE, J.   The charge of the court, in the absence of an appropriate request for fuller instructions, was sufficiently full and fair.   The evidence, though conflicting, authorized the verdict; and the verdict, having the approval of the trial judge, can not be disturbed by this court.

> *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 6, 1925.

Conviction of pointing gun; from city court of Baxley—Judge Speer.   April 29, 1925.

*J. B. Moore,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.