## 21468.  STRICKLAND v. THE STATE.

BROYLES, C. J.  1.  The alleged newly discovered evidence was merely cumulative and impeaching, and the court did not err in overruling the ground of the motion for a new trial based thereon.

2. Presence of a person at a distillery when whisky is actually being made and his flight therefrom on seeing an officer approaching may, when not satisfactorily explained, authorize a jury to find him guilty of manufacturing whisky; and whether an attempted explanation of such presence and conduct is reasonable and satisfactory is a question for the jury.  *Alsabrook* v. *State*, 35 *Ga. App.* 592 (134 S. E. 333); *Yonce* v. *State*, 154 *Ga.* 419 (114 S. E. 325).

3. In the instant case the evidence for the State showed that the accused, with several other men, was at a distillery when whisky was actually being made, and that all of them fled at the approach of the officers. In the defendant's statement to the jury he denied being at the distillery, and, by the introduction of evidence and his statement, attempted to set up an alibi.  In view of these facts this court can not hold that the verdict was not authorized by the evidence.

*Judgment affirmed.  Luke, J., concurs.  Bloodworth, J., absent on account of illness.*

DECIDED JULY 15, 1931.

*C. L. Cowart, H. H. Elders, R. N. Odum,* for plaintiff in error.
*J. T. Grice, solicitor-general,* contra.

## 21490.  GREEN v. THE STATE.

BROYLES, C. J.  1.  Under the act passed at the extraordinary session of the General Assembly in 1915, and approved on November 17, 1915 (Ga. Laws Ex. Sess. 1915, p. 77), it is unlawful to possess any "liquors, . . beverages, or drinks made in imitation of or intended as a substitute for beer, ale, wine, or whisky, or other alcoholic or spirituous, vinous, or malt liquors, including those liquors and beverages commonly known and called near-beer," whether such liquors and beverages are or are not intoxicating.  *Watters* v. *State*, 42 *Ga. App.* 292 (155 S. E. 780).

2. Under the above-stated ruling and the facts of the instant case, the verdict was authorized, and the overruling of the motion for a new trial, based on the general grounds only, was not error.

*Judgment affirmed.  Luke, J., concurs.  Bloodworth, J., absent on account of illness.*

DECIDED JULY 15, 1931.

*W. Gordon Mann,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.