## 28366. HOWELL v. THE STATE.

DECIDED OCTOBER 18, 1940.

*Randall Evans Jr., Jack D. Evans, James R. Evans,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

BROYLES, C. J. The defendant was tried on an indictment which charged him with the offense of manufacturing liquor. His demurrer to the indictment was overruled, and he excepted pendente lite. He was convicted of the offense charged. A new trial was denied, and exceptions were taken.

The case was transmitted to the Supreme Court on the alleged ground that that court had jurisdiction, because the constitutionality of a law of the State of Georgia had been drawn in question by the demurrer to the indictment. However, the Supreme Court held that the constitutional question was not "raised" by the demurrer, and the case was transferred to this court. With the constitutional question thus eliminated, the other grounds of the demurrer were without substantial merit, and the demurrer was properly overruled.

"Presence of a person at a distillery when whisky is actually being made and his flight therefrom on seeing an officer approaching may, when not satisfactorily explained, authorize a jury to find him guilty of manufacturing whisky; and whether an attempted explanation of such presence and conduct is reasonable and satisfactory is a question for the jury. *Alsabrook* v. *State,* 35 *Ga. App.* 592 (134 S. E. 333); *Yonce* v. *State,* 154 *Ga.* 419 (114 S. E. 325)." *Strickland* v. *State,* 43 *Ga. App.* 578 (2) (159 S. E. 756); *Loughridge* v. *State,* 63 *Ga. App.* 263 (10 S. E. 2d, 764).

In the instant case G. P. Hogan, a witness for the State, testified as follows: "I am sheriff of Warren County, Georgia. I was sheriff on the 27th day of January, 1939. I know Jesse Howell, and I saw him on that date. I went out towards Fountain Camp Ground with Steve Johnson on that date, and we saw a still. When we were sixty-three steps from the still I heard a shot. I saw Jesse Howell and a Negro at the still. Jesse Howell picked up a bucket and dipped it into a vat. I called Jesse, and he ran, and the Negro ran. I did not know the Negro. Alcoholic liquor was being made there. I found forty gallons at the still. The still was in Warren County, Georgia." The defendant did not introduce any evidence, and did not make a statement to the jury. Under the ruling stated in headnote 2 his conviction was authorized, and the court did not err in overruling the motion for new trial based on the general grounds only.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*