### 31289.  BROCK *v*. THE STATE.

GARDNER, J. The defendant was convicted of the illegal distillation of whisky, rum, and brandy. He filed a motion for a new trial on the general grounds, and thereafter added several special grounds. The motion was overruled, and he brings the case here for review. The indictment charged, omitting the formal parts, "that the defendant did . . distill, manufacture, and make alcoholic liquors and spirituous liquors, to wit, whisky, rum, and brandy." The evidence for the State shows substantially that the officers had found a still which "was loaded," and that when they went back "to it, they had run it off and we went down there four times, and the last time it was filled and we decided to wait until they came to it;" that they did wait, and when they heard someone approaching, hid, and later went into the still site and found the defendant and his boy, and "they had pipes connecting up to the still, and he was putting cement or mud around them. They had just made a fire when the officers went on the premises of the distillery, and when they saw the officers the defendant ran." On cross-examination an officer testified that they could "hear them knocking down there, and the woods was forty or fifty yards from the still, and we heard them breaking it;" and further testified that "the defendant was putting stuff around the pipes and this boy was squatting down helping them."

The jury returned a verdict fixing the punishment of the defendant for not more than one year and not less than one year, in the penitentiary.

The evidence does not disclose that the defendant had distilled any "whisky, rum, and brandy." Therefore, under the allegations of the indictment, a verdict for the completed offense of distilling whisky, rum, and brandy is not sustained by the evidence.

The indictment did include an attempt to distill whisky, rum, and brandy.

An attempt to commit a crime is defined by the Code, § 27-2507, as follows: "If any person shall attempt to commit a crime, and in such attempt shall do any act toward the commission of such crime, but shall fail in the perpetration thereof, or shall be prevented or intercepted from executing the same, he shall, in cases where no punishment is otherwise provided for the punishment of such attempt, be punished as follows: . . The attempt to commit a crime punishable by imprisonment and labor in the penitentiary for not less than one year shall be punished as a misdemeanor." The evidence is sufficient to sustain a verdict for an attempt to distill whisky, rum, and brandy. The record does not reveal whether the court sentenced the defendent to the term in the penitentiary or imposed the misdemeanor sentence which the jury recommended. Indeed, the record does not reveal whether any sentence has been imposed upon the defendant. The only tenable contention of the defendant is that the court failed to submit the law defining an attempt and the punishment therefor as prescribed by the law for an attempt to distill whisky. We think that the court should have submitted the law defining an attempt to commit the alleged crime, as well as the prescribed punishment. If the court had done this, and the verdict had been for an attempt, as the evidence warranted, the punishment would have been as for a misdemeanor. In this view, the failure of the court to charge on an attempt to distill whisky as alleged in the bill of indictment, was harmless to the defendant, provided, of course, that he received a sentence as for a misdemeanor. Under the facts of this case, the defendant should receive no more than a misdemeanor punishment. We see no necessity of granting a new trial, but the court should impose only a misdemeanor punishment for an attempt to commit the offense alleged in the indictment.

The judgment of the court is affirmed with the direction that only a misdemeanor punishment be imposed on the defendant.

*Judgment affirmed, with direction. Broyles, C. J., and MacIntyre, J., concur.*

### ON MOTION FOR REHEARING.

In the motion for rehearing counsel for the movant states that he specifically excepts to the ruling and finding of this court that there was sufficient evidence upon which to base a conviction "for an attempt to distill whisky, rum, and brandy;" and the movant contends that there was "no evidence whatever upon which to base such a finding." He contends, "in other words, this court has simply supplied something that is missing entirely from the evidence."

It would seem from this record that counsel for the movant has webbed himself within his own inconsistent positions. In the first ground of his amended motion for a new trial, he assigned error because the court charged the jury the law with reference to the manufacture of "whisky, rum, and beer." In the second, third, and fourth grounds he assigned error as follows:

"(2) Because the court erred in failing to charge the jury that the defendant might be found guilty of the offense of attempting to distill, manufacture, or make the liquors referred to in the indictment, the same being a misdemeanor, and movant shows that under the testimony

the jury might have found him guilty of such an offense, and it was error, harmful and prejudicial to him, to fail to so charge the jury in reference to the offense of an attempt to commit the offense charged in the indictment.

"(3) Because movant insists that under the evidence in the said case the same does not show or warrant a conviction of the offense charged in the indictment, but that at the most only shows an attempt to commit the offense so charged, and that the court nowhere in its charge gave the jury any instructions in reference thereto, and that the same is error, harmful and prejudicial to movant, and that under said evidence that he could only have been convicted of an attempt to commit the offense alleged.

"(4) Because the court erred in failing to charge in connection with the forms of verdict that the jury might render in said cause that movant might be found guilty of the offense of attempting to commit the offense charged in the indictment, and that said failure so to charge was harmful and prejudicial to movant, and that movant then and there excepted to said failure to so charge, now excepts, and assigns error thereon."

Counsel for the movant did not abandon these grounds in his argument, but insisted upon them enthusiastically to the following purport: He cited and quoted the Code, § 27-2507, which deals with an attempt to commit a crime, and after having also cited decisions with reference to the provisions of this section, further said: "But that the evidence shows that this case comes within the Code section in reference to attempt to commit crimes, and that the defendant was prevented and intercepted from executing the same and that the same would apply as to the second, third, and fourth grounds of the amended motion." It will thus be seen that, instead of this court arbitrarily supplying something that the record did not support, we followed in our original opinion the assignments of error of counsel for the movant. This court, after a careful consideration of the case, in the original instance agreed that counsel was right in his assignments of error in special grounds 2, 3, and 4. We have not changed. We still think that he was right, but that he is altogether wrong in substituting some other theory inconsistent with his original position.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JUNE 27, 1946. REHEARING DENIED JULY 23, 1946.

*James Maddox,* for plaintiff in error.
*H. L. Lanham, Solicitor-General,* contra.