## 32158. JACKSON v. THE STATE.

GARDNER, J. The defendant was found guilty of manufacturing alcoholic beverages. The only witness was the Sheriff of Warren County and his evidence is substantially as follows: On November 10, 1947, he testified that he went to where the defendant lived; that 15 or 30 days prior to that time he made an investigation and search of where the defendant lived; that on the first occasion he circled the defendant's house and just on the outside of the pasture was a path that led from the defendant's lot gate. A path led from the pasture into his yard. The defendant's wife had been leading cows back and forth in a field and tying them in a bean field. Where the path got to the fence the sheriff got over the fence and saw the track of a man. He followed the tracks for about a quarter of a mile and came upon a still. He found and poured out 15 gallons and a quart of whisky. About half way between the still and the defendant's house the sheriff found a half gallon of "liquor" hidden in a carton, in a bush. When the sheriff returned to the defendant's house the defendant had gone. The wife of the defendant was there. With the permission of the defendant's wife the sheriff searched the house. He found several cases of fruit jars which had not been opened, with the exception of one or two which had been opened. Between 15 and 30 days after the sheriff made the first visit to the defendant's home he got the report that "there was a heap of traffic around Phil's house." He returned. He did not find any fresh trail. On the second trip he found two hogs each in a separate pen. The defendant had been making syrup. The sheriff had a sharp stick and was punching around with it in the cane brush. He felt something solid. He reached down to the solid object and found four barrels of beer in the cane brush covered with plank. The four barrels contained 200 gallons. "One barrel fermented, but three of them just working, one cap had done fell." The beer was found about 45 feet from the defendant's house. The still which the sheriff found had been operating. There were four or six barrels of beer at the still. The beer which he found at the still was not fermented. "It was working. . . The beer that I found near the house was fermented." On cross-examination the sheriff testified that he examined one of the barrels under the cane brush and the one he examined had meal and sugar in it. He said it was not plain meal and nothing else in the barrel, but stated that it was "water, meal and sugar" and that the defendant had cane brush piled up "this high [indicating]." The defendant in his statement denied any knowledge of the still and whisky. He explained that the beer which the sheriff found near the defendant's house was hog feed.

The indictment is sufficiently broad in its allegation to include the manufacturing of alcoholic beer, as well as the distillation of beer into whisky. Even if it may be conceded, as counsel for the defendant argues, that the evidence is insufficient to show beyond a reasonable doubt that the defendant did not distill the whisky which the sheriff found at the site, and did not distill the whisky found between the still site and the defendant's house (although in our opinion under all the facts and circumstances of this case the jury would have been authorized to find

that the defendant did do so), certainly the jury were authorized to find that the defendant did make and manufacture the beer found within 45 feet of his house and that it was fermented. The statute prohibits the manufacturing of beer and puts it on the same footing as the distillation of beer into whisky. The defendant admits in his statement that he made and manufactured the beer which the sheriff found within the curtilage of his dwelling house and sought to excuse himself on the ground that he made it for hog feed. It is within the province of the jury to disbelieve this contention of the defendant. It is apparent that they did disbelieve it. See, in this connection, *Summerville* v. *State,* 77 *Ga. App.* 106, (47 S. E. 2d, 830), and cit.

Counsel for the defendant cite and rely on the case of *Brock* v. *State,* 74 *Ga. App.* 130 (39 S. E. 2d, 86). It will be noted, upon reading that case, that the indictment was confined to the distilling and manufacturing *"whisky, rum* and *brandy."* As we have already observed, the indictment in the instant case is sufficiently broad to cover the making and manufacturing of intoxicating beer. The other two cases called to our attention by counsel for the defendant, *Baggett* v. *State,* 77 *Ga. App.* 24 (41 S. E. 2d, 592), and *Palmer* v. *State,* 76 *Ga. App.* 881 (47 S. E. 2d, 604), on their facts differentiate themselves from the instant case. The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., concurs. Townsend, J., concurs in the judgment.*

DECIDED NOVEMBER 13, 1948.

*Stevens & Stevens,* for plaintiff in error.
*J. Cecil Davis, Solicitor-General,* contra.