### 33422. GREEN v. THE STATE.

MacINTYRE, P. J. 1. " 'Presence of a person at a distillery when whisky is actually being made and his flight therefrom on seeing an officer approaching may, when not satisfactorily explained, authorize a jury to find him guilty of manufacturing whisky; and whether an attempted explanation of such presence and conduct is reasonable and satisfactory is a question for the jury.' *Strickland* v. *State,* 43 *Ga. App.* 578 (159 S. E. 756)." *Loughridge* v. *State,* 63 *Ga. App.* 263 (10 S. E. 2d, 764).

2. The evidence in the instant case shows that the defendant and another person were present at a distillery at a time when whisky was actually being made, the defendant was seen pouring water into the cooling apparatus of the still, and upon the approach of revenue officers he fled. In his statement to the jury the defendant denied his presence at the still and introduced evidence tending to establish an alibi. The jury returned a verdict finding the defendant guilty of manufacturing whisky. The jury's finding was approved by the trial judge, and this court does not have authority to interfere with such verdict where it appears that the evidence was sufficient to authorize the verdict. *Yonce* v. *State,* 29 *Ga. App.* 173 (114 S. E. 584); *Yonce* v. *State,* 154 *Ga.* 419 (114 S. E. 325); *Loughridge* v. *State,* supra.

3. The court did not err in failing to charge the law contained in Code § 26-404, which provides: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect." No such theory of defense was raised either by the evidence or the defendant's statement. The State contended that the defendant was present and participating in the manufacture of whisky;

the defendant defended upon the ground that he was not present at all. See *Ward* v. *State*, 199 *Ga.* 203 (33 S. E. 2d, 689); *Moore* v. *State*, 55 *Ga. App.* 213 (189 S. E. 731).

4. The defendant introduced in evidence a "log ticket" showing delivery of logs to the Swainsboro Lumber Company on the day on which he is charged to have been at the distillery. This log ticket was evidence tending to establish the defendant's alibi, and the defendant contends that the court should have charged that the jury in weighing the testimony and evidence in the case should give proper credit and consideration to the log ticket, which was documentary evidence and important to the defendant's case. The court charged: "Any evidence in the nature of an alibi should be considered by the jury in connection with all other evidence in the case, and if in doing so the jury should entertain a reasonable doubt of the guilt of the accused they should acquit." If the defendant had wished more specific reference made to the documentary evidence he should have submitted an appropriate, timely request in writing. This ground of the motion for a new trial is without merit.

The court did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED APRIL 3, 1951.

*H. Alonzo Woods*, for plaintiff in error.
*W. H. Lanier, Solicitor-General*, contra.