## 34139.   ELLARD *v.* THE STATE.

CARLISLE, J. Where, upon the trial of one indicted for the offense of "manufacturing liquor for that the said accused . . did . . unlawfully . . manufacture and make alcoholic, spirituous, vinous, malt and mixed liquors and beverages, some part of which was alcoholic, contrary to the laws of said State," it appears from the evidence that the defendant, in company with three other men, was seen, by the sheriff of the county at a still located in the county, to pour beer from one barrel to another; that there was only beer at the still—no

whisky— but that the beer was a requisite ingredient in the manufacture of whisky; that the beer was in a state of fermentation and contained alcohol; that pouring beer from one barrel to another is a part of the process of making whisky, the evidence was sufficient to authorize the jury to find that the defendant was manufacturing alcoholic beer, and the indictment is broad enough in its terms to include the crime of making such beer, and the verdict finding the defendant guilty is supported by the evidence. *Summerville* v. *State,* 77 *Ga. App.* 106 (47 S. E. 2d, 830); *Jackson* v. *State,* 78 *Ga. App.* 36 (50 S. E. 2d, 165). It follows, therefore, that the trial court did not err in overruling the motion for a new trial based solely upon the general grounds.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED JULY 14, 1952.

*Frank C. Gross, Geo. L. Goode,* for plaintiff in error.
*Winston Owen, Solicitor-General, Ben Carr,* contra.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*