34628. BRYANT *v.* THE STATE.

Decided May 14, 1953.

*Walter D. Sanders, Charles Van S. Mottola,* for plaintiff in error.

*Wright Lipford, Solicitor-General,* contra.

TOWNSEND, J. ■ Error is assigned in the first ground of the amended motion for new trial on the admission of testimony that in April and May, 1952, prior to his arrest on June 12, the defendant made purchases of sugar in the amounts of 900 pounds, 1,400 pounds, 10,000 pounds, 840 pounds, and 1,600 pounds respectively, together with small amounts of yeast and wheat bran. It was held in *McCall* v. *State,* 87 *Ga. App.* 185 (2) (73 S. E. 2d 245), that on a charge of permitting one to have a distilling apparatus upon the defendant's premises, evidence that the defendant possessed large quantities of sugar was admissible for the consideration of the jury, "for what light it might throw on the question of whether the 'worm' found in the smokehouse was known by the defendant to be there, sugar and jugs being commodities used in the manufacture and handling of liquor." The purchase here of almost 25,000 pounds of sugar in less than two months, being a quantity vastly in excess of the requirements of the average person, but being a quantity which suited the capacity of the still, which was described as "tremendous," containing two 1,000-gallon tanks and five 220-gallon tanks filled with beer, was a circumstance, together with others, tending to identify the defendant with the crime charged, and was for that reason admissible in evidence.

■ The second and third special grounds assign error on the testimony of a prosecuting witness as follows: "I had an occa-

sion on or about June 12 to investigate an illegal distillery in Coweta County located a mile and a half northeast of Roscoe on the Lee estate property." Aside from any question of whether or not such testimony might be subject to proper objection, the record shows that no objection was interposed thereto during the trial. "To enforce by a review the performance of the duty imposed by statute upon the trial judge, the law in the form of a rule of procedure, requiring an objection during the trial, must be observed." *Morris* v. *State,* 200 *Ga.* 471, 480 (37 S. E. 2d 345). Neither of these special grounds presents any question for determination by this court. *Savage* v. *State,* 209 *Ga.* 374 (1) (72 S. E. 2d 715); *Aycock* v. *State,* 188 *Ga.* 550 (10) (4 S. E. 2d 221).

■ In the fourth special ground, error is assigned because the court failed without request to charge the jury "the law applicable to the offense of attempt[ing] to manufacture liquor." An assignment of error upon the failure to charge "the law applicable" to a given subject, which does not set forth and state the applicable law which it is contended should have been charged, is too vague and indefinite to present any question for decision. *Coleman* v. *State,* 43 *Ga. App.* 350 (3) (158 S. E. 627); *Harris* v. *State,* 178 *Ga.* 746 (3) (174 S. E. 240); *Wilson* v. *State,* 156 *Ga.* 42 (118 S. E. 427). This special ground is without merit.

■ In brief, the evidence on behalf of the State was to the effect that the Sheriff of Coweta County and another came upon the still in question at a time when the beer-mash, in various stages of fermentation, was on the premises and a part of it had been placed over the fire in process of heating, although there was no evidence that whisky had begun to run from the condenser; that the still was powered by a gasoline motor which was identified as one seen previously on the defendant's premises, and which he later admitted was his; that his truck was parked near the still; that he was in the back apparently unloading it; that there were 16 cases of fruit jars on the ground and a drum of gasoline which had been rolled down toward the still; that the defendant, who was positively identified by one of the witnesses and who was the only person on the premises, left the truck and ran off across a branch, and that he was later

apprehended. This evidence was sufficient to authorize the jury to convict the defendant, provided the corpus delicti had been proved. *Brown* v. *State*, 87 Ga. App. 244 (73 S. E. 2d 502). As to the offense itself, there was no evidence that whisky had been distilled, since the raid apparently occurred at a time when the operation was just beginning and whisky had not yet had time to run off. However, as stated in *Belcher* v. *State*, 25 Ga. App. 493 (1) (103 S. E. 852): "Under the prohibition law (Ga. L. Ex. Sess. 1917, p. 18) declaring it a felony to 'distill, manufacture, or make any liquors or beverages, any part of which is alcoholic,' the act of making an intoxicating beer, through the fermentation of syrup, corn meal and water mixed for that purpose, is of itself an offense as complete and distinct as the further act of distilling from such beer a quantity of alcohol, whisky, or rum. *Williams* v. *State*, 24 Ga. App. 53 (2) (99 S. E. 711). The failure of the evidence in this case to show the distillation of any quantity of whisky does not, therefore, leave the conviction of the accused without any evidence to show that he was guilty of making such beer, and the indictment is broad in its terms to include all possible violations of the above-named statute." See *Davidson* v. *State*, 27 Ga. App. 195 (2) (107 S. E. 892); *Adams* v. *State*, 27 Ga. App. 48 (4) (107 S. E. 388); *Nobles* v. *State*, 48 Ga. App. 83 (171 S. E. 837); *Summerville* v. *State*, 77 Ga. App. 106 (1) (47 S. E. 2d 830); *Jackson* v. *State*, 78 Ga. App. 36 (50 S. E. 2d 165). It follows, therefore, that the evidence was sufficient to support the verdict, and the trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*