## 34659. Cook *v.* The State.

Carlisle, J. Where, upon the trial of one indicted for unlawfully distilling, manufacturing, and making alcoholic liquors, spirituous liquors, whisky, and rum, it appears from the evidence that a State revenue agent located a still near the defendant's residence and watched it for some time, departed, and upon the agent's return, in company with other officers, to the site of the still, a fire was burning, voices and the noise of water being poured into drums could be heard, and two barrels of mash were located at the still, which, according to the testimony, were fermented, alcoholic, and intoxicating and ready to be distilled, but that no whisky had actually been distilled, and though the defendant was not actually seen at the still, he testified in the trial of another defendant actually apprehended at the still that he had made the still and that no one else had anything to do with it, and in his statement to the jury said, "Well, I was fixing to make a little bit. I want you to be as light on me as you can,"—the evidence was sufficient to authorize the jury to find that the defendant was manufacturing alcoholic beer, an offense under the general prohibition statutes, and the indictment was broad enough in its terms to include that offense, and the verdict finding the defendant guilty and recommending that he be punished as for a misdemeanor is supported by the evidence. *Ellard* v. *State*, 86 *Ga. App.* 495 (71 S. E. 2d 666), and citations.

It follows, therefore, that the trial court did not err in denying the motion for new trial, based solely on the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided June 9, 1953.

*D. L. Lomenick, Jr.,* for plaintiff in error.
*Earl B. Self, Solicitor-General,* contra.