36225. HARPER *v.* THE STATE.

Decided July 9, 1956—Rehearing denied July 27, 1956.

266

*Wyatt & Morgan,* for plaintiff in error.
*Wright Lipford, Solicitor-General,* contra.

GARDNER, P. J. ■ Under the indictment the defendant was convicted of an attempt to manufacture intoxicating liquors. We have set out the evidence somewhat fully since counsel for the defendant contends that the evidence fails to show any attempt on the part of the defendant. The Code section regarding attempt is § 27-2507, which provides: "If any person shall attempt to commit a crime and in such attempt shall do any act toward the commission of such crime, but shall fail in the perpetration thereof, or shall be prevented or intercepted from executing the same, he shall, in cases where no punishment is otherwise provided for the punishment of such attempt, be punished as follows: . . . Fifth. The attempt to commit a crime

punishable by imprisonment and labor in the penitentiary for not less than one year shall be punished as a misdemeanor." This court in *Traylor* v. *State,* 77 *Ga. App.* 439 (1) (48 S. E. 2d 749) said: "Acts merely preparatory for the commission of a crime, and not proximately leading to its consummation, do not constitute an attempt to commit the crime. *Groves* v. *State,* 116 *Ga.* 516 (42 S. E. 755, 59 L. R. A. 598). 'Attempt' is more comprehensive than 'intent' and implies both the purpose and an actual effort to carry the purpose into execution (*Smith* v. *State,* 126 *Ga.* 544, 546, 55 S. E. 475), and, in general, to constitute an attempt, there must be an act done in pursuance of the intent, and more or less directly tending to the commission of the crime."

In *Brown* v. *State,* 34 *Ga. App.* 452 (1) (129 S. E. 664), the court held: "Where one is on trial for manufacturing intoxicating liquors, and the evidence tends to show that he was seen at a whisky still, pouring beer or mash into it, and the still was shortly thereafter found to be warm and to have had fire under it, but no quantity of whisky was found or shown to have been distilled, and no evidence was adduced to show who made the beer, a verdict finding the accused guilty of an attempt to make whisky is not contrary to law or without evidence to support it." See also *Reese* v. *State,* 34 *Ga. App.* 453 (129 S. E. 886). In *Pierce* v. *State,* 40 *Ga. App.* 227 (149 S. E. 160), the court said: "From the evidence it appears that officers saw three men at a distillery, 'working around the still, getting it ready to operate . . . getting up the kindling; one was putting on the cap'; and there were four or five boxes of beer there, and 'the beer was in condition to run.' One of the witnesses testified: 'There had been lots of whisky made there before, according to the ashes. There was four or five gallons of backings there. There was some liquor there in a big bucket, I took it to be liquor; I don't know whether I know the difference between liquor and backing or not.' The men ran off. It was testified that the defendant, Alonzo Pierce, was one of the men at the still. The defendant, in his statement at the trial, said that he went to the still with 'Hubert,' who said that he was going to get a drink of beer, and he (the defendant) was standing beside the furnace, looking at it, when the officers came and he and the others ran off; that he did not do anything there, did not pick up anything, did not know whose still it was

and was not connected with the manufacture of whisky." The headnote of that case reads: "The accused was convicted of manufacturing whisky. The evidence, while authorizing a finding that he was guilty of an attempt to manufacture whisky, was insufficient to support the verdict, and the refusal to grant him a new trial was error."

It will be noted that the facts in that case are almost identical with the facts in the instant case. In *Green* v. *State*, 83 *Ga. App.* 683 (1) (64 S. E. 2d 476), this court said: " 'Presence of a person at a distillery when whisky is actually being made and his flight therefrom on seeing an officer approaching may, when not satisfactorily explained, authorize a jury to find him guilty of manufacturing whisky; and whether an attempted explanation of such presence and conduct is reasonable and satisfactory is a question for the jury.' *Strickland* v. *State*, 43 *Ga. App.* 578 (159 S. E. 756). *Loughridge* v. *State*, 63 *Ga. App.* 263 (10 S. E. 2d 764)." By virtue of the decisions hereinabove cited the jury was authorized to find the defendant guilty of an attempt to manufacture whisky. He was sentenced by the court as for a misdemeanor.

Counsel for the defendant call our attention to *Groves* v. *State*, 116 *Ga.* 516 (42 S. E. 755, 59 L. R. A. 598), and quote quite at length from that opinion. Our attention is then called on behalf of the defendant to *Coffee* v. *State*, 39 *Ga. App.* 664 (148 S. E. 303). Counsel quote quite at length from that decision. Counsel call our attention to *Hartline* v. *State*, 34 *Ga. App.* 224 (129 S. E. 123). We have carefully studied all of the cases relied on by the defendant regarding the general grounds. A careful study of the facts in those cases will differentiate them from the facts in the instant case. In the instant case the defendant was pouring mash in the still while a companion was stirring it in the still. These and other peculiar facts in connection with the case at bar authorize the conviction of the defendant for an attempt to manufacture intoxicating liquors under the allegations of the indictment. It is just as much a violation of the prohibition law to make and manufacture intoxicating beer as it is to distill whisky from alcoholic beer. See *Summerville* v. *State*, 77 *Ga. App.* 106 (47 S. E. 2d 830); *Ellard* v. *State*, 86 *Ga. App.* 495 (71 S. E. 2d 666) and *Cook* v. *State*, 88 *Ga. App.* 330 (76 S. E. 2d 629). It is clear to our minds that the defendant was attempting

to manufacture intoxicating beer and that he had proceeded to the extent of doing acts in furtherance of the violation of this statute when he was intercepted and prevented from completing the manufacture of the beer by the presence of the officers. The court did not err in denying the motion for a new trial as it pertains to the general grounds.

 Special ground 1 assigns error because after the defendant had made a statement in which he denied that he was guilty of the act of pouring the mash into the still the deputy sheriff was recalled and rebutted this portion of the defendant's statement. Counsel for the defendant objected to the sheriff having been recalled to further testify on the question. The judge overruled this objection because it was in rebuttal of the defendant's statement. The court did not err in admitting this testimony for the reason assigned. There is no merit in this special ground.

██ Special ground 2 assigns error on the following charge of the court: "I charge you further that should you believe beyond a reasonable doubt that this defendant in this county at any time within four years prior to the finding and return of this bill of indictment into court was present at a distillery where any one of the alcoholic, spirituous and intoxicating liquors or beverages named in the indictment were being distilled, manufactured or made and on seeing an officer approaching fled, his presence and flight unless satisfactorily explained to the jury, and of which explanation the jury are the sole and exclusive judges, would authorize a conviction for distilling, manufacturing or making alcoholic or spirituous or intoxicating liquors or beverages as charged in the bill of indictment." We understand this charge of the court is substantially the law of this State and was not subject to the complaint made against it. See *Green* v. *State,* 83 *Ga. App.* 683. Counsel for the defendant calls our attention to the following cases to sustain his position relative to this ground: *Thomas* v. *State,* 25 *Ga. App.* 558 (103 S. E. 859); *Phillips* v. *State,* 37 *Ga. App.* 505 (141 S. E. 64); *Healan* v. *Powell,* 91 *Ga. App.* 787 (87 S. E. 2d 332) and *Sapp* v. *Odom,* 165 *Ga.* 437 (141 S. E. 201). These cases have no applicability to the facts under which the defendant was convicted in the instant case.

We find no reversible error committed by the court in this trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*