37937. BROWN *v.* THE STATE.

CARLISLE, Judge. 1. An assignment of error in a special ground of the motion for new trial because the court failed without request to charge the jury "on the law of circumstantial evidence" which does not set forth therein the applicable law which it is contended should have been charged is too vague and indefinite to present any question for decision. *Bryant* v. *State,* 88 *Ga. App.* 208, 210 (3) (76 S. E. 2d 446). Accordingly, the first special ground of the motion for new trial which attempts to so assign error is without merit.

2. The second and final special ground attempts to assign error because the trial court illegally intimated to the jury by his examination of one of the State's witnesses that in his opinion the defendant was guilty. This ground fails to state what questions it is contended were propounded by the court in intimating this opinion or to what witness the questions were propounded, and it fails to show that any objection was made to the questions at the time they were propounded to the witness by the judge or that any motion was made for a mistrial or to rule out the evidence that had been elicited as a result of the examination conducted by the judge, and it is, therefore, too incomplete to be considered. *Pulliam* v. *State,* 196 *Ga.* 782, 789-791 (6) (28 S. E. 2d 139).

3. The State's witnesses testified that they saw the defendant at a still which was in operation and saw him carrying a bucket to and fro; that when the officers were seen approaching the still, the defendant and two other persons there ran; that the others were caught but the defendant escaped and was apprehended later. In his statement to the jury, the defendant sought to explain his presence at the still, but the jury apparently chose not to credit that explanation. "The presence of a person at a distillery where intoxicating liquor is being made, and his flight on seeing an officer approaching, may, when not satisfactorily explained, authorize a jury to find him guilty of making such liquor. Whether an attempted explanation of such presence and conduct is reasonable and satisfactory is a question for the jury." *Chester* v. *State,* 74 *Ga. App.* 667 (2) (41 S. E. 2d 162), and cits. p. 669.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 29, 1959.

*N. J. Smith,* for plaintiff in error.
*W. H. Lanier, Solicitor-General,* contra.