38967. WILSON v. THE STATE.

DECIDED SEPTEMBER 6, 1961.

332

*Carlton S. Brown,* for plaintiff in error.

*Stephen Pace, Jr., Solicitor-General,* contra.

JORDAN, Judge. The evidence presented by the State shows that revenue agents located a still in Stewart County across the road from the defendant's house on another person's property, returning the next afternoon around 2 p.m., for the purpose of watching the still. About 4 p.m., upon hearing some dogs barking, they approached closer to the still and saw the defendant about twenty to forty feet from the still, running away from the still and in the direction of his house. One of the agents pursued the defendant and caught him about two or three hundred yards from the still. The defendant was returned to the still, at which time he told the officers that he had come to the still to check the mash, had brought a five gallon jug and a one gallon jug with him, that two of the barrels were ready to run, but he did not know about the other three, and that he had been there twice before as a lookout man. The defendant had a flashlight in his pocket when apprehended. The officers testified that they found five sixty-gallon barrels of mash at the still ready to run, that it was in an alcoholic state and was intoxicating. They also testified that two jugs were found at the still which were not there when they checked the still approximately one hour before seeing the defendant at the still.

The defendant made a statement to the jury in which he stated that he was looking for his cow on the afternoon in question and had walked off the road about 50 yards into the bushes when he heard his dogs barking; that he next heard some shots and when the shots started flying all over him, he jumped up and started back up to the road; that the officers apprehended him and brought him back to the still; and that he told them he was looking for his cow, knew nothing about the still and had not been there before. He further stated that the still was about three quarters of a mile from where he lived.

Fermented beer ready to run is alcoholic in its character, and the manufacture of beer in this stage of fermentation is sufficient to authorize a conviction for manufacturing liquor. *Glawson v. State*, 45 Ga. App. 327 (164 SE 470); *Belcher v. State*, 25 Ga. App. 493 (103 SE 852); *Davis v. State*, 44 Ga. App. 273 (161 SE 276); *Davidson v. State*, 27 Ga. App. 195 (107 SE 892). "Presence of a person at a distillery where intoxicating liquor is being made, and his flight on seeing an officer approaching, may, when not satisfactorily explained, authorize a jury to find him guilty of making such liquor. Whether an attempted explanation of such presence and conduct is reasonable and satisfactory is a question for the jury." *Flint v. State*, 29 Ga. App. 222 (114 SE 585); *Strickland v. State*, 43 Ga. App. 578 (159 SE 756); *Green v. State*, 83 Ga. App. 683 (1) (64 SE2d 476); *Johnson v. State*, 79 Ga. App. 210, 215 (53 SE2d 498).

In the instant case the presence of the defendant at the still; his flight when the officers approached; his admission that he carried jugs to the still and was there for the purpose of checking the mash, that he had been to the still before on two occasions; the finding of two jugs placed at the still shortly before the defendant was apprehended, and other evidence offered by the State was ample to authorize the jury to convict. The jury apparently rejected the defendant's statement as to his conduct on this occasion as being an unsatisfactory explanation. Accordingly, the trial court did not err in refusing the grant of a new trial.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur.*